UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING motions to dismiss

Before the Court are Defendant Bank of America, N.A.'s ("BANA") motion to dismiss, Dkt. #39, and Defendants Selene Finance LP ("Selene"); Wilmington Savings Fund Society, FSB, dba Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-4TT ("Wilmington"); and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Selene Defendants") motion to dismiss, Dkt. #42. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. After considering the moving, opposing, and reply papers, the Court GRANTS the motions to dismiss.

I.      Background

Plaintiffs Ruth and Alfredo Rosenberg purchased property in Torrance, California in 1995. *First Amended Complaint* ("*FAC*") ¶1, Ex. A (Grant Deed). In June 2006, Plaintiff Alfredo granted the property to Plaintiff Ruth as her sole and separate property. *Id.* ¶20, Ex. B (Interspousal Transfer Grant Deed). Plaintiff Ruth then originated a Deed of Trust and Promissory Note against the property. *Id.* ¶21. The Deed of Trust named Plaintiff Ruth as the Borrower/Trustor, non-party Alliance Title Company ("Alliance") as the Trustee, Defendant MERS as the "nominee for Lender and Lender's successors and assigns" and the beneficiary under the Deed of Trust, and non-party Homecomings Financial Network, Inc. ("Homecomings") as the Lender. *Id.* ¶22, Ex. C ("Deed of Trust"). Plaintiffs allege that the presence of a MERS mortgage identification number (called a "MIN") on the Deed of Trust signifies that it was registered in Defendant MERS's database and the intent was to securitize Plaintiff Ruth's loan. *Id.* ¶¶11, 22.

Plaintiffs allege that they began making their mortgage payments to Homecomings. *Id.* ¶24. In 2007, Plaintiffs received a letter stating that non-party Countrywide was their new loan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

servicer. *Id.* ¶¶25–26.[1] By September 2008, Plaintiffs had fallen around three months behind on their loan payments. *Id.* ¶30. In April 2009, Countrywide merged with Defendant BANA, who took over servicing for Plaintiff Ruth's loan. *Id.* ¶¶31–32. In September 2009, Plaintiffs agreed to a loan modification with Defendant BANA. *Id.* ¶¶33–35. Plaintiffs continued to have issues over the next six years with their loan payments. *Id.* ¶¶37, 39–40, 44, 48. Plaintiffs allege that Defendant BANA caused these issues, which included the refusal to accept loan payments. *Id.*

In April 2011, Defendant MERS, as nominee for Homecomings, assigned the Deed of Trust to Defendant BANA. *Id.* ¶41, Ex. F (Assignment of Deed of Trust). Plaintiffs, however, allege that this assignment was invalid and improper. Plaintiffs allege that in 2007, non-party GMAC, Homecomings's corporate parent, moved Homecomings into a new subsidiary called Residential Capital ("ResCap"). *Id.* ¶27.[2] Plaintiffs then allege:

> On or about August 1, 2008, [ResCap] . . . stopped originating [Homecomings] loans for securitization. Plaintiffs are informed, believe, and thereupon allege that [Homecomings] received funding for Plaintiff's loan from its [ResCap] Warehouse Credit line, but that problems arose with the securitization which occurred at around the same time that [ResCap] was closing its offices and dismissing staff. On August 1, 2008, Plaintiffs' (sic) allege on information and belief, that their loan was a failed securitization and that the originator and/or sponsor to the securitization, which was [Homecomings] (and/or [ResCap]) was required to buy the debt back from the securitized trust that purchased it, but that this did not occur prior to the freezing of the operations of [Homecomings] by [ResCap].
>
> On August 1, 2008, Plaintiffs allege that the freezing of operations by [Homecomings] caused the beneficiaries of the [ResCap] bankruptcy to lose track of Plaintiff's loan. Consequently Plaintiffs allege that this removed the authority of Defendant MERS to act as nominee for [Homecomings] since they could not be nominee for a defunct company. . . .

*Id.* ¶¶28–29. Plaintiffs next allege that "[o]n or before June 21, 2010, . . . Defendant [BANA] removed Plaintiff's loan from the MERS computer database to hide the connection to the securitized trust that purchased the NOTE and was the beneficiary of the failed securitization entitled to repayment of the debt by [ResCap]." *Id.* ¶38; *see also id.*, Ex. G (MERS Loan Search

---

[1] The FAC uses "Countrywide" to refer to two distinct entities—Countrywide Home Loans Servicing, LP and Countrywide Bank, FSB. *Compare* FAC ¶8, *with id.* ¶10. The distinction between these two entities is not relevant for the purposes of these motions.

[2] The FAC elsewhere states that this occurred in 2005. *See* FAC ¶9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

Screenshot). Plaintiffs allege that a BANA employee, acting in her capacity as an officer of Defendant MERS, authorized the transaction. *Id.* ¶41. Plaintiffs thus conclude:

> Defendant [BANA] was not the beneficiary and had not received an ASSIGNMENT from any beneficiary since 1) [Homecomings] was a defunct corporation without power to ASSIGN, 2) [Homecomings] was no longer a signatory of the MERS system from which Plaintiff's loan had been deleted, and 3) [Homecomings] was not the current beneficiary since the debt was owed to the securitized trust that purchased Plaintiff's loan from [ResCap]'s wholesale channel and not to the originator [Homecomings]. This authorization [of the assignment of the beneficial interest in the Deed of Trust to Defendant BANA] occurred concurrently with the actions of Defendants [BANA] and MERS to wipe all evidence of the securitization of Plaintiff's loan from the MERS system, thereby eliminating the paper trail to Plaintiffs' beneficiary.

*Id.*[3]

In October 2011, Defendant BANA substituted non-party ReconTrust Company, N.A. ("ReconTrust") as trustee in place of Alliance. *Id.* ¶42, Ex. H (2011 Substitution of Trustee). ReconTrust then recorded a notice of default. *Id.* ¶43, Ex. I (Notice of Default). Plaintiffs allege that this was improper because Plaintiffs were not in default and had not missed a loan payment. *FAC* ¶43. It is not clear from the FAC whether any further action occurred in relation to ReconTrust's recorded notice. Plaintiffs also allege that Defendant BANA improperly reported to credit agencies that the last mortgage payment was in February 2011, even though they paid through November 2011 (when they allege that Defendant BANA began refusing their loan payments). *Id.* ¶44.

In November 2011, Plaintiffs filed a civil lawsuit against Defendant BANA for fraud, breach of contract, and wrongful foreclosure. *Id.* ¶45; *see Ruth Rosenburg v. Bank of America, N.A., et al.*, CV 11-10597 CAS (CWx) (C.D. Cal.). The case was ultimately dismissed with prejudice. *FAC* ¶45; *see* CV 11-10597, Dkt. #36 (June 5, 2013).

In February 2015, Defendant BANA substituted former party MTC Financial Inc. ("MTC") as trustee in place of ReconTrust. *BANA Req. Jud. Not.*, Ex. B (2015 Substitute of Trustee).[4] In June 2015, MTC recorded a notice of trustee's sale, which was later cancelled.

---

[3] Plaintiffs also allege that the loan was not included in ResCap's May 2012 bankruptcy. *FAC* ¶¶46–47.

[4] The Court may take judicial notice of undisputed matters of public record. *Beauchamp v. Anaheim Union High Sch. Dist.*, No. 14-56212, 2016 WL 1039691, at *8 n.1 (9th Cir. Mar. 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | | Date | April 7, 2016 |
|---|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | | |

*FAC* ¶¶49–50, Ex. J (2015 Notice of Trustee's Sale). In July 2015, Plaintiffs received notice that the Deed of Trust was assigned to Defendant Wilmington, and the servicing rights were assigned to Defendant Selene. *Id.* ¶¶51–53.

In August 2015, Plaintiffs sued Defendants BANA, MERS, Selene, Wilmington, and former party MTC. Dkt. #1, Ex. 1. Plaintiffs brought claims for (1) a civil Racketeering Influenced and Corrupt Organizations Act ("RICO") conspiracy predicated on bank and mail fraud; (2) violations of the Fair Debt Collections Practice Act ("FDCPA"); and (3) violations of California's unfair competition law. *Id.* The case was subsequently removed to this Court. Dkt. #1. In December 2015, the Court granted three motions to dismiss and dismissed all claims with leave to amend. Dkt. #33. Plaintiffs then filed the FAC against all parties. Dkt. #34. The FAC includes an allegation that in October 2015, while this case was underway, Defendants BANA and Selene fraudulently assigned a different Deed of Trust from non-party Rogers Acceptance Corporation ("Rogers") to Defendant Wilmington. *FAC* ¶57.

Plaintiffs subsequently dismissed MTC. Dkt. #37. The remaining defendants then filed motions to dismiss the FAC. Dkts. #39, 42.

II.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679–80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

III.  Discussion

Plaintiffs bring claims for civil RICO, violation of the FDCPA, and unfair business practices under California law.  *See generally FAC*.  The Court addresses each in turn.[5]

　　A.　　Civil RICO

Plaintiffs first bring a civil RICO claim against Defendants BANA and MERS.  *See FAC* ¶¶60–79.  The elements of a civil RICO claim are:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to the plaintiff's business or property."  *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1962(c), 1964(c)).  Civil RICO claims based on fraud must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b).  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004).

Plaintiffs allege that the predicate acts for the civil RICO claim were mail fraud, 18 U.S.C. § 1341, and bank fraud, 18 U.S.C. § 1344 (listed as Counts One and Two in the FAC). *FAC* ¶¶60–79.  "There are two elements in mail fraud:  (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." *United States v. Eglash*, 813 F.3d 882, 885 (9th Cir. 2016) (quoting *Schmuck v. United States*, 489 U.S. 705, 721 (1989)).  A party is guilty of bank fraud if it "knowingly executes, or attempts to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises . . . ."  18 U.S.C. § 1344; *see United States v. Shaw*, 781 F.3d 1130, 1134 (9th Cir. 2015).

The RICO conspiracy can be summarized as follows.  Plaintiffs allege that Defendants BANA and MERS conspired to steal Plaintiff Ruth's loan from the rightful beneficiary.  *FAC* ¶64.  Plaintiffs allege that, in furtherance of this scheme, Defendants BANA and MERS committed the following acts of bank and mail fraud:

- Defendant MERS's assignment of the Deed of Trust to Defendant BANA constituted bank fraud because Defendant BANA used the recording statutes to deprive the true

---

[5]　　Defendant BANA argues that Plaintiff Alfredo lacks standing because he does not own the property, and that the entire case is barred by the principles of res judicata and collateral estoppel.  *BANA MTD* 6–9.  The Court need not address these issues because, as will be discussed, the Court finds that all claims should be dismissed.

Case 2:15-cv-07518-PSG-AGR Document 49 Filed 04/07/16 Page 6 of 12 Page ID #:958

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

beneficiary of the loan and mail fraud because the assignment was recorded with the Los Angeles County Recorder and mailed to Plaintiffs.

- Defendants BANA and MERS's removal of all evidence of Plaintiff Ruth's loan from the MERS database constituted bank fraud because it was part of a scheme to steal the loan from the true beneficiary.

- Defendant BANA's substitution of ReconTrust constituted bank fraud because it was part of a scheme to defraud the true beneficiary and mail fraud because the notice of substitution was mailed to Plaintiffs.

- Defendant BANA's recording of the 2011 notice of default constituted bank fraud because it was part of a scheme to defraud the true beneficiary and mail fraud because the notice was mailed to Plaintiffs.

- MTC's 2015 Notice of Default constituted bank fraud because it was part of a conspiracy with Defendants BANA and MERS to defraud the true beneficiary and mail fraud because the notice was mailed to Plaintiffs.

*Id.* ¶¶63–72.[6] Plaintiffs allege that Defendants BANA and MERS forced Plaintiffs into foreclosure, even though they were not in default, to hide the fraud. *Id.* ¶77. Plaintiffs allege that this conduct injured them because they were blocked from making loan payments to the proper beneficiary, lost their loan modification, and were forced into foreclosure. *Id.* ¶¶74–79.

The Court finds that Plaintiffs fail to state a claim for civil RICO. First, the Court finds that Plaintiffs have not plausibly alleged that the initial assignment of the Deed of Trust by Defendant MERS to Defendant BANA was invalid. Courts applying California law have routinely held that Defendant MERS, as a listed beneficiary in the Deed of Trust and as nominee for the Lender, may assign its beneficial interest. *See, e.g.*, *Wallace v. Mortgage Elec. Registration Sys., Inc.*, No. CV 11-8039 ODW MRWX, 2012 WL 94485, at *3 (C.D. Cal. Jan. 11, 2012); *Baidoobonso-Iam v. Bank of Am. (Home Loans)*, No. CV 10-9171 CAS MANX, 2011

---

[6] Plaintiffs include a sixth predicate act—the allegedly invalid October 2015 assignment of a different Deed of Trust. *FAC* ¶71. Plaintiffs only vaguely tie this sixth predicate act to the alleged scheme to steal the loan at issue from the true beneficiary, *see id.* ¶73, so the Court finds that this sixth predicate act does nothing to support Plaintiffs' civil RICO claim. Plaintiffs also allege that some of these predicate acts involved mortgage fraud under California law. *Id.* ¶¶65, 68–70. Plaintiffs, however, limit the causes of action underlying the civil RICO claim to federal bank and mail fraud, so the Court will not separately address mortgage fraud. In any event, the analysis in this section would apply equally to the mortgage fraud allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | | Date | April 7, 2016 |
|---|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | | |

WL 5870065, at *3 (C.D. Cal. Nov. 22, 2011); *Germon v. BAC Home Loans Servicing, L.P.*, No. 10CV2482 BTM POR, 2011 WL 719591, at *2 (S.D. Cal. Feb. 22, 2011); *Wurtzberger v. Resmae Mortgage Corp.*, No. 2:09CV01718GEBDAD, 2010 WL 1779972, at *3–7 (E.D. Cal. Apr. 29, 2010).

  Plaintiffs argue that, notwithstanding the facial validity of this assignment, it was improper. *BANA Opp.* 15–19; *Selene Defs. Opp.* 11–19. Plaintiffs allege, on information and belief, that the loan was intended for securitization based on the loan's MIN number, the funding for the loan came from a ResCap credit line, the securitization ultimately failed, Homecomings and/or ResCap were thus required to buy the loan back, and they failed to do so prior to the freezing of Homecomings by ResCap. *FAC* ¶28. Plaintiffs also allege that Homecomings became a "defunct company," so Defendant MERS was prevented from acting as its nominee. *Id.* ¶29. Finally, Plaintiffs allege that the servicing rights remained in the MERS database even though there is no evidence that Countrywide or Homecomings retained the promissory note. *Id.* Plaintiffs thus argue that it is at least plausible that Defendant BANA used Defendant MERS to improperly assign itself Plaintiff Ruth's loan without offering payment to the actual beneficiary, which Plaintiffs believe is one of Homecomings, ResCap, or the trustee of ResCap's bankruptcy. *Selene Defs. Opp.* 13–15.

  The Court disagrees. Plaintiffs offer scant factual allegations to support their conclusory statements that certain events did or did not take place. *See Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926–27 (9th Cir. 2013); *Mortezai v. Dep't of Def.*, No. CV 15-2067 FMO (ASX), 2015 WL 9595392, at *1 (C.D. Cal. Dec. 30, 2015); *Braham v. Sony/ATV Music Publ'g*, No. 215CV8422MWFGJSX, 2015 WL 7074571, at *2 (C.D. Cal. Nov. 10, 2015). For example, Plaintiffs include no factual allegations to support the conclusory allegation that problems arose with the securitization of Plaintiff Ruth's loan at the same time as ResCap began closing its offices, or that neither Homecomings nor ResCap properly repurchased the loan. Similarly, Plaintiffs baldly assert that Defendant MERS lost its position as nominee after Homecomings became a "defunct company," without addressing what they mean by "defunct company," or whether any successors or assigns existed.

  Plaintiffs rely heavily on allegations based on "information and belief." *See FAC* ¶29. Although such allegations are not problematic "where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible," *Montantes v. Inventure Foods*, No. CV-14-1128-MWF RZX, 2014 WL 3305578, at *7 (C.D. Cal. July 2, 2014) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)), the Court is not confident that Plaintiffs lack the ability to elaborate on the factual underpinnings of their allegations. At bottom, Plaintiffs' claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

of an invalid assignment, based on the allegations in the FAC, is possible, but not plausible. *See Twombly*, 550 U.S. at 557.[7]

Second, even if securitization problems did lead to the assignment's invalidity, Plaintiffs fail to sufficiently allege that Defendants BANA and MERS committed bank or mail fraud. Plaintiffs argue that the invalid assignment was part of a scheme orchestrated by Defendant BANA (with the help of Defendant MERS) to "profit[] from the confusion surrounding the [ResCap]/[Homecomings] bankruptcy and ASSIGN[] the loan to themselves while simultaneously wiping all record of the loan from the MERS database." *Selene Defs. Opp.* 13. Aside from allegations that the assignment was invalid, and vague and conclusory allegations about a scheme to defraud, the sole factual allegation in support of bank and mail fraud is that Defendants BANA and MERS removed Plaintiff Ruth's loan from the MERS database to "hide the connection" of the loan to the securitized trust. *FAC* ¶38. This allegation is supported by an exhibit to the FAC showing a screenshot of the MERS database labeling the loan inactive. *See FAC*, Ex. G. But Plaintiffs offer no explanation of how they deduce from the word "inactive" that the loan was wiped from the database as part of a fraudulent scheme. Plaintiffs, moreover, do not cite a single case in which void/voidable assignments have been the basis for bank or mail fraud. *See generally BANA MTD Opp.*; *Selene Defs. MTD Opp.* Plaintiffs' allegations are thus insufficient to satisfy Rule 8, let alone the higher bar of Rule 9.

Finally, Plaintiffs fail to tie any of the alleged predicate acts to their alleged injuries. The Ninth Circuit explained that the predicate acts must be more than simply a cause of the injuries:

> Section 1964(c) contains a causation requirement: A plaintiff must show that the defendant's RICO violation was not only a "but for" cause of his injury, but that it was a proximate cause as well. A proximate cause is not the same thing as the sole cause. Instead, the proximate cause of an injury is a substantial factor in the sequence of responsible causation. Some direct relationship between the injury asserted and the injurious conduct is necessary.

*Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 773 (9th Cir. 2002) (citations and internal quotation marks omitted). As the Court previously noted: "Aside from the contention that BOA and MERS were only in the position to harm Plaintiffs because they stole the loan, *see BOA Opp.* 16–17, Plaintiffs include nothing beyond conclusory allegations that Defendants' actions were in furtherance of the civil RICO scheme." Dkt. #33 at 6 (citing *Iqbal*, 556 U.S. at 679–80). Plaintiffs have failed to address these concerns in the FAC.

---

[7] If the initial assignment to Defendant BANA was valid (and thus not part of a fraudulent scheme), then all of the subsequent assignments would seemingly be valid as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

The Court thus grants the motions to dismiss the civil RICO claim.

B.  FDCPA

Plaintiffs' third cause of action alleges that Defendants BANA, Wilmington, and Selene violated the FDCPA. *FAC* ¶¶80–92. The FDCPA prohibits "debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (alteration and internal quotation marks omitted).

Plaintiffs' FDCPA allegations fall into two categories. The vast majority of Plaintiffs' allegations are that Defendants violated the FDCPA by attempting to collect a debt that is owed to another, namely, the actual beneficiary. *FAC* ¶¶81–85, 87–89.[8] But, as explained in the previous section, the Court finds insufficient allegations that the loan was not validly assigned among the parties. *See supra* Section III.B. The Court thus finds that such allegations are similarly insufficient to support an FDCPA claim. The Court also finds that Plaintiffs' request for declaratory relief to establish that the actual beneficiary is the securitized trust, which is included in the FDCPA cause of action, *FAC* ¶¶90–92, fails on the same grounds.

Plaintiffs also allege that Defendant BANA reported false information to credit agencies. *Id.* ¶86. 15 U.S.C. § 1692e(8) prohibits a debt collector from using "any false, deceptive or misleading representation in connection with the collection of any debt" such as "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." "Under the FDCPA, an allegation that a debt collector provided false credit reporting to the credit reporting agencies can violate § 1692e(8)." *Bourgeois v. Ocwen Loan Servicing, LLC*, No. 15CV1655-GPC(BLM), 2016 WL 245526, at *11 (S.D. Cal. Jan. 21, 2016).

Plaintiffs allege that Defendants "reported to credit agencies" that Plaintiffs' last mortgage payment was in February 2011, even though Plaintiffs made payments after that date. *FAC* ¶86. The Court finds that this allegation is insufficient to state a claim for two reasons. First, Plaintiffs imply that these inaccurate reports were made on or after November 1, 2011 at one point in the FAC, *see id.* ¶44, and then later state that the reports were made on or around October 17, 2011, *see id.* ¶86. Second, Plaintiffs state that inaccurate information was given to "credit agencies," without including any allegations about which credit agencies they believe

---

[8]  Plaintiffs repeatedly state that this conduct violates 15 U.S.C. § 1692a(6). This, however, is the definitional section of the FDCPA. The Court assumes Plaintiffs mean that Defendants made false and misleading statements in connection with the debt in violation of 15 U.S.C. § 1692e.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

received false information. The Court finds that the allegation, as it stands, does not fairly apprise Defendants of the grounds upon which the FDCPA claim is based. *See Joseph v. Ralphs Grocery Co.*, No. 2:15-CV-9399-AB-E, 2016 WL 1056648, at *1 (C.D. Cal. Mar. 4, 2016); *Doose v. U.S. Treasury Dep't*, No. CV15-5787 PA (AJWX), 2016 WL 183000, at *1 (C.D. Cal. Jan. 13, 2016).

The Court therefore grants the motions to dismiss the FDCPA claim.

C. Unfair Business Practices

Plaintiffs' fourth claim is for violations of California's unfair competition law ("UCL") against all defendants. *FAC* ¶¶93–104. The UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*, "defines unfair competition as any unlawful, unfair or fraudulent business practice and any unfair, deceptive, untrue or misleading advertising." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).

In the FAC, Plaintiffs appear to rely almost entirely allegations aimed at the the "unlawful" prong, which covers "anything that can properly be called a business practice and that at the same time is forbidden by law be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made . . . ." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (alteration and internal quotation marks omitted); *see FAC* ¶¶93–104. In the Opposition, Plaintiffs appear to now tie their claims to the "fraudulent" prong. *Selene Defs. Opp.* 19. "A fraudulent business practice is one in which members of the public are likely to be deceived." *Tucker v. Pac. Bell Mobile Servs.*, 208 Cal. App. 4th 201, 225 (2012).

Under either theory, Plaintiffs appear to premise the UCL claim on the same scheme to steal the loan that was the basis of the civil RICO claim. *See Selene Defs. Opp.* 19 ("It is 'unfair competition' when one ban steals a loan from another bank's creditors, as Plaintiffs allege, because it is unlawful, unfair, and a fraudulent business practice."). Because the Court has already rejected this theory, *see supra* Section III.B., it finds that Plaintiffs have failed to state a claim here as well.

The Court therefore grants the motions to dismiss the UCL claim.

D. Leave to Amend

The final question is whether the Court should grant leave to amend. "Generally, [Federal Rule of Civil Procedure] 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

*LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" may be considered in making this determination. *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs request leave to amend to the extent the Court rules against them. *BANA Opp.* 21; *Selene Defs. Opp.* 21.

The Court is not yet convinced that Plaintiffs are unable to sufficiently allege that the assignment to Defendant BANA was invalid. This is especially so because the Court offers far more elaboration in this Order about the deficiencies with these allegations. *Cf.* Dkt. #33. Similarly, the Court does not believe that the allegations regarding inaccurate reports to credit agencies are unfixable. The Court, however, is convinced that Plaintiffs cannot allege sufficient allegations to plausibly establish a civil RICO violation. As the Court has now twice explained, there is simply nothing linking any of the alleged fraudulent acts to Plaintiffs' alleged injuries. *See supra* Section III.B.; Dkt. #33 at 6–7.

The Court will therefore allow leave to amend the allegations regarding the improper securitization of Plaintiff Ruth's loan and the subsequent invalidity of the assignment to Defendant BANA, as well as allegations regarding the submission of false information to credit agencies. The Court, however, will not allow Plaintiffs leave to amend allegations regarding Defendants BANA and MERS's scheme to defraud the rightful beneficiaries.

IV.     Conclusion

The Court therefore GRANTS both motions to dismiss as follows:

- Plaintiffs' first and second causes of action for civil RICO are dismissed without leave to amend.

- Plaintiffs' third cause of action for violation of the FDCPA is dismissed with leave to amend to the extent it is premised on an invalid assignment of the loan or the submission of false information to credit agencies. The FDCPA claim is dismissed without leave to amend to the extent it is premised on a scheme to defraud.

- Plaintiffs' fourth cause of action for violation of the UCL is dismissed with leave to amend to the extent it is premised on an invalid assignment of the loan or the submission of false information to credit agencies. The UCL claim is dismissed without leave to amend to the extent it is premised on a scheme to defraud.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7518 PSG (AGRx) | Date | April 7, 2016 |
|---|---|---|---|
| Title | Ruth A. Rosenberg, *et al.* v. Bank of America, N.A., *et al.* | | |

Plaintiffs may file a Second Amended Complaint ("SAC") consistent with this opinion no later than **April 29, 2016**. If Plaintiffs fail to file a SAC by that date, the claims will be dismissed with prejudice.

**IT IS SO ORDERED.**